1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON JAMES PIERCE,

11            Plaintiff,                    No. CIV S-08-1148 FCD DAD P

12        vs.

13   JEANNE S. WOODFORD, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.

18                              **PROCEDURAL HISTORY**

19            On November 5, 2003, plaintiff filed a complaint in the United States District

20   Court for the Northern District of California.  On July 14, 2004, that court granted plaintiff leave

21   to proceed in forma pauperis and dismissed his complaint with leave to amend.  On August 3,

22   2004, plaintiff filed an amended complaint.  On April 30, 2008, the Northern District screened

23   plaintiff's amended complaint.  The claims set out in plaintiff's complaint concerned medical

24   care and treatment at the California State Prison facilities known as the Correctional Training

25   Facility, High Desert State Prison and Mule Creek State Prison.  Plaintiff also alleged that he

26   /////

1

1  suffered three assaults, two at the hands of fellow inmates and one by prison staff, all while

2  confined at High Desert State Prison.

3          As to plaintiff's claims concerning events that allegedly took place at High Desert

4  State Prison and Mule Creek State Prison, the United States District Court for the Northern

5  District of California explained that venue was proper in the Eastern District of California and

6  transferred those claims to this court.  As to plaintiff's claims concerning events that allegedly

7  took place at the Correctional Training Facility, the court determined in a separate order that

8  plaintiff had failed to identify the specific individuals he claims caused his constitutional injuries

9  and dismissed the amended complaint while granted plaintiff leave to file a second amended

10  complaint within thirty days.

11                      **PROCEEDING IN THIS CASE**

12          If plaintiff elects to proceed in this action, he must file an in forma pauperis

13  affidavit or pay the required filing fee ($350.00).  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff is

14  cautioned that the in forma pauperis application form includes a section that must be completed

15  by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison

16  trust account statement for the six-month period immediately preceding the filing of this action.

17  Plaintiff will be provided thirty days leave to either submit the appropriate affidavit in support of

18  a request to proceed in forma pauperis or to submit the appropriate filing fee.

19          In addition, if plaintiff elects to proceed in this action before this court, he must

20  file a second amended complaint here as well.  As the United States District Court for the

21  Northern District of California observed, in his amended complaint plaintiff fails to allege any

22  specific causal link between the actions of the named defendants and the claimed constitutional

23  violations.  Accordingly, plaintiff's amended complaint will be dismissed with leave to file a

24  second amended complaint.  In any second amended complaint he elects to file, plaintiff must

25  allege what events he claims took place at High Desert State Prison and Mule Creek State Prison

26  that resulted in his constitutional rights being violated and name the defendants that were

2

1 involved in those events.  Plaintiff must allege with at least some degree of particularity overt

2 acts which each defendant engaged in that support his claims.  <u>Jones v. Community Redev.</u>

3 <u>Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

4         Plaintiff is advised that the Civil Rights Act, under which this action was filed,

5 provides as follows:

6         Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

7         deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

8         law, suit in equity, or other proper proceeding for redress.

9 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14 omits to perform an act which he is legally required to do that causes the deprivation of which

15 complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16         Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21 allegations concerning the involvement of official personnel in civil rights violations are not

22 sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23         Plaintiff is also advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure

24 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to

25 relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

26 which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965

1  (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive

2  dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation

3  of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a

4  right to relief above the speculative level."  <u>Bell Atlantic</u>, 127 S. Ct. at 1965.

5       Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

6  complaint must give fair notice to the defendants and must allege facts that support the elements

7  of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th

8  Cir. 1984).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

9  link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>,

10  423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588

11  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

12  rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

13       Finally, plaintiff is advised of the following legal standards that govern Eighth

14  Amendment claims such as those he is attempting to pursue in this action.  The Eighth

15  Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend.

16  VIII.  It is well established that the "unnecessary and wanton infliction of pain" constitutes cruel

17  and unusual punishment prohibited by the United States Constitution.  <u>Whitley v. Albers</u>, 475

18  U.S. 312, 319 (1986).  <u>See</u> <u>also</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v.</u>

19  <u>Gamble</u>, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and

20  unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith,

21  that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

22  <u>Whitley</u>, 475 U.S. at 319.

23       What is needed to show unnecessary and wanton infliction of pain "varies

24  according to the nature of the alleged constitutional violation."  <u>Hudson v. McMillian</u>, 503 U.S.

25  1, 5 (1992) (citing <u>Whitley</u>, 475 U.S. at 320).  The plaintiff must show that objectively he

26  suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable

1    state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501

2    U.S. 294, 298-99 (1991).

3            "The objective component of an Eighth Amendment claim is . . . contextual and

4    responsive to 'contemporary standards of decency.'"  Hudson, 503 U.S. at 8 (quoting Estelle, 429

5    U.S. at 103).  The objective prong of the test requires the court to consider whether the alleged

6    wrongdoing was harmful enough to establish a constitutional violation.  Hudson, 503 U.S. at 8;

7    Wilson, 501 U.S. at 298.  In the context of an excessive use of force claim, however, the

8    objective prong does not require a prisoner to show a "significant injury" in order to establish

9    that he suffered a sufficiently serious constitutional deprivation.  503 U.S. at 9-10.

10           The subjective prong of the two-part test is also contextual.  Wilson, 501 U.S. at

11   299.  A prison official acts with the requisite "culpable mind" with respect to an excessive use of

12   force claim if he acts maliciously and sadistically for the purpose of causing harm.  Whitley, 475

13   U.S. at 320-21.  "[W]henever prison officials stand accused of using excessive physical force in

14   violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in

15   Whitley, i.e.,  whether force was applied in a good-faith effort to maintain or restore discipline,

16   or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7.

17           Where a prisoner's Eighth Amendment claims arise in the context of medical

18   care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence

19   deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

20   Amendment medical care claim has two elements:  "the seriousness of the prisoner's medical

21   need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d

22   1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d

23   1133 (9th Cir. 1997) (en banc).

24           A medical need is serious "if the failure to treat the prisoner's condition could

25   result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

26   McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical

need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to that need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Finally, where an Eighth Amendment claim arises in the context of a prison official's failure to protect a prisoner from harm, the Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834.

/////

1    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order
2  to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
3  complaint be complete in itself without reference to any prior pleading.  This is because, as a
4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8                                      **OTHER MATTERS**

9    On April 30, 2008, prior to the United States District Court for the Northern
10  District of California transferring the case to this court, plaintiff filed a motion for summary
11  judgment on his amended complaint.  For reasons discussed herein, plaintiff's amended
12  complaint will be dismissed with leave granted to file a second amended complaint.
13  Accordingly, plaintiff's motion for summary judgment based upon his amended complaint which
14  has now been dismissed will be denied.[1]

15                                       **CONCLUSION**

16    Accordingly, IT IS HEREBY ORDERED that:

17    1.  Plaintiff shall submit, within thirty days from the date of this order, either the
18  $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form
19  provided with this order;

20    2.  Plaintiff's amended complaint is dismissed;

21    3.  Plaintiff is granted thirty days from the date of service of this order to file a
22  second amended complaint that complies with the requirements of the Civil Rights Act, the
23  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

24  _____

25      [1]  The United States District Court for the Northern District of California denied
   plaintiff's motion for summary judgment pending before that court for the same reason.  (Order
26  Filed in Case No. CIV 5-03-4934 JF (PR) (N.D. Cal. June 4, 2008)).

7

1   must bear the docket number assigned to this case and must be labeled "Second Amended

2   Complaint";

3            4.   Plaintiff's failure to comply with this order will result in a recommendation that

4   this action be dismissed;

5            5.   Plaintiff's motion for summary judgment (Doc. No. 100) is denied without

6   prejudice to filing a motion for summary judgment at the appropriate time based on a second

7   amended complaint which plaintiff may elect to file with court; and

8            6.   The Clerk of the Court is directed to send plaintiff the application to proceed in

9   forma pauperis by a prisoner and the court's form for filing a civil rights action.

10   DATED: January 7, 2009.

11

12                                          _____

13                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE
14   DAD:9
     pier1148.14a
15

16

17

18

19

20

21

22

23

24

25

26

8