IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JAMES PIERCE,

        Plaintiff,                    No. CIV S-08-1148 FCD DAD P

    vs.

JEANNE S. WOODFORD, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

**PROCEDURAL HISTORY**

        On November 5, 2003, plaintiff filed a complaint in the United States District Court for the Northern District of California. On July 14, 2004, that court granted plaintiff leave to proceed in forma pauperis and dismissed his complaint with leave to amend. On August 3, 2004, plaintiff filed an amended complaint. On April 30, 2008, the Northern District screened plaintiff's amended complaint. The claims set out in plaintiff's complaint concerned medical care and treatment at three different California State Prison facilities known as the Correctional Training Facility, High Desert State Prison, and Mule Creek State Prison. Plaintiff also alleged

/////

1

that he suffered three assaults, two at the hands of fellow inmates and one by prison staff, all while confined at High Desert State Prison.

As to plaintiff's claims concerning events that allegedly took place at High Desert State Prison and Mule Creek State Prison, the United States District Court for the Northern District of California explained that venue was proper in the Eastern District of California and transferred those claims to this court. As to plaintiff's claims concerning events that allegedly took place at the Correctional Training Facility, the court determined in a separate order that plaintiff had failed to identify the specific individuals he claims caused his constitutional injuries and dismissed the amended complaint while granting plaintiff leave to file a second amended complaint within thirty days.

On January 8, 2009, the undersigned also dismissed plaintiff's amended complaint and advised plaintiff that if he elected to proceed in this action, he needed to file a second amended complaint in this court as well. Like the Northern District, this court found that plaintiff failed to allege any specific causal link between the actions of the named defendants and the claimed constitutional violations. The court instructed plaintiff, that in any second amended complaint he elected to file, he had to allege what events he claims took place at High Desert State Prison and Mule Creek State Prison that resulted in his constitutional rights being violated and name the defendants that were involved in those events. The court advised plaintiff that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and provided him with the legal standards for claims alleging excessive force, failure to protect, and inadequate medical care in violation of the Eighth Amendment.

On January 23, 2009, plaintiff filed a second amended complaint with this court naming as defendants Warden Scott Kernan and Warden David Runnels. Therein, he alleged that after arriving at High Desert State Prison, "unknown named officers and inmates assaulted me several times, housed me in single ad-seg cell with no recreation or law library time from

1  2003 to 2005 before receiving operation on hernia I got in prison in 2001, and took 4 years to
2  receive." Again, the court dismissed plaintiff's second amended complaint and advised him that
3  if he elected to proceed in this action, he needed to file a third amended complaint that alleged a
4  specific causal link between the actions of the named defendants and the claimed constitutional
5  violations. The court advised plaintiff that there could be no liability under 42 U.S.C. § 1983
6  unless there is some affirmative link or connection between a defendant's actions and the
7  claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167
8  (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). The court also advised
9  plaintiff that vague and conclusory allegations of official participation in civil rights violations
10 are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). Finally, the
11 court reminded plaintiff of the legal standards for claims alleging inadequate medical care in
12 violation of the Eighth Amendment.

### PLAINTIFF'S THIRD AMENDED COMPLAINT

On February 11, 2009, plaintiff filed a third amended complaint naming as defendants the Chief Medical Officer at CCC-Susanville, "Four Unknown By Name High Desert State Prison Correctional Officers," and Warden David Runnels. In his complaint, plaintiff alleges as follows:

> Chief Medical Officer of CCC-Susanville Prison whose listed by name in my lawsuit file I cannot afford to buy from court and correction and medical staff at Wasco State Prison won't tell me, told me in person when he saw me in 2003 that "I needed and he would schedule me for a bilateral hernia operation," but he did not, so I was transferred from CCC to HDSP where after I was assaulted by several inmates. I was housed in ad-seg where officers not only instigated my cellie to assault me after he assaulted me officers who never told me their names but are listed in court file assaulted me/broke my hand, and I was denied any x-ray. Warden Runnels ignored mail I sent him re: this.

(Compl. at 7-8.)

/////

/////

3

**ANALYSIS**

Plaintiff's third amended complaint should be dismissed without leave to amend. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile."). The court has granted plaintiff several opportunities to amend his complaint and has provided him with detailed instructions on how to state a cognizable claim for relief based on the facts he has provided to the court. In plaintiff's most recent third amended complaint, he has failed to identify by name four of the five defendants he wishes to proceed against in this action. He has also failed to state a cognizable claim against any of the defendants, including the one defendant, Warden David Runnels, he has identified by name. Plaintiff has been attempting to pursue this action for several years. Despite guidance from two different courts and the filing of four complaints, he has been unable to properly allege a cognizable claim. Accordingly, the court concludes that leave to amend would be futile in this case, and this action should be dismissed.

**CONCLUSION**

For the reasons discussed above, IT IS HEREBY RECOMMENDED that this action be dismissed due to plaintiff's failure to state a cognizable claim. See 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pier1148.56

4