IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JAMES PIERCE,

      Plaintiff,                    No. CIV S-08-1148 FCD DAD P

    vs.

JEANNE S. WOODFORD, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

**PROCEDURAL HISTORY**

        On March 24, 2009, the assigned magistrate judge issued findings and recommendations, recommending dismissal of this action due to plaintiff's failure to state a cognizable claim. See 28 U.S.C. § 1915A. Although the court's file reflected that those findings and recommendations were properly served on plaintiff at his address of record, they were returned to the court as undeliverable. On May 8, 2009, the court found those findings and recommendations to be fully supported by the record and by the magistrate judge's analysis. Accordingly, the court adopted the findings and recommendations in full and dismissed this action due to plaintiff's failure to state a cognizable claim. The court entered judgment on the

same day. The court's order and judgment were properly served on plaintiff at his address of record, as the findings and recommendations had been, but were returned to the court as undeliverable.

On August 7, 2009, plaintiff filed a notice of appeal. On October 27, 2009, the United States Court of Appeals for the Ninth Circuit remanded the case for the limited purpose of allowing this court to consider whether plaintiff's notice of appeal included a motion to reopen the time in which to appeal and, if so, whether or not the motion should be granted. In this regard, the Ninth Circuit noted that the record reflects that plaintiff's notice of appeal of August 7, 2009, was not filed or delivered to prison officials within thirty days of the May 8, 2009 entry of judgment. However, the Ninth Circuit also observed that in his notice of appeal plaintiff states that he did not receive mail from the district court and the district court docket reflects as much. The Ninth Circuit found that plaintiff's statement in his notice of appeal could therefore be construed as a motion to reopen the time to appeal brought pursuant to Federal Rule of Appellate Procedure 4(a)(6).

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

/////

As noted above, on May 8, 2009, the court entered judgment in this case. On August 7, 2009, plaintiff filed a notice of appeal in which he explains that he was arrested on May 31, 2009, and housed in the Ventura County Jail. After his arrest, the manager at the apartment where he was residing at the time of his arrest allegedly obtained the key to his post office box but did not forward his mail to him. As a result, plaintiff represents, he did not receive the assigned magistrate judge's findings and recommendations or the court's subsequent order and judgment.

The court has construed plaintiff's notice of appeal as a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Under the circumstances of this case, the court finds that plaintiff is entitled to relief. See, e.g., Arai v. American Bryce Ranches, 316 F.3d 1006 (9th Cir. 2003); In re Stein, 197 F.3d 421 (9th Cir. 1999); Nunley v. City of Los Angeles, 52 F.3d 792 (9th Cir. 1995).

First, plaintiff did not receive notice of the court's judgment within twenty-one days after its entry under Rule 77(d) of the Federal Rules of Civil Procedure. Both the assigned magistrate judge's findings and recommendations as well as the court's order adopting those findings and recommendations and judgment were returned to the court as undeliverable. Second, plaintiff filed his motion to reopen the time to appeal within seven days after he subsequently received a copy of the court's judgment. On June 26, 2009, plaintiff filed with this court a notice of change of address, together with a request for the status of his case. On July 16, 2009, the court re-served its order adopting the findings and recommendations and the judgment by mailing those documents to plaintiff's new address. Under the mailbox rule, plaintiff filed his motion to reopen the time to appeal six days thereafter on July 22, 2009. Finally, no party would be prejudiced by reopening the time for plaintiff appeal. Plaintiff is the only party to this action at this time. In this regard, prejudice would not arise, for example, because an appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal. See Fed. R. App. P. 4(a)(6) & advisory committee's note.

For all of the foregoing reasons, the court concludes that plaintiff is entitled to relief pursuant to Federal Rule of Appellate Procedure 4(a)(6).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 7, 2009 notice of appeal construed as a motion to reopen the time to appeal is granted; and

2. The Clerk of the Court is directed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

DATED: November 12, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE