1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON JAMES PIERCE,

11          Plaintiff,                    No. CIV S-08-1148 MCE DAD P

12      vs.

13   JEANNE S. WOODFORD, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.

18                              **PROCEDURAL HISTORY**

19          This case has been pending since 2003 and, as summarized below, has a long and

20   somewhat complicated procedural history.  On November 5, 2003, plaintiff filed a complaint in

21   the United States District Court for the Northern District of California.  Nearly a year later, that

22   court granted plaintiff leave to proceed in forma pauperis and dismissed his complaint with leave

23   to amend.  Plaintiff filed an amended complaint claiming that he had received inadequate

24   medical care and treatment at several institutions including the California Correctional Training

25   Facility, High Desert State Prison and Mule Creek State Prison.  Plaintiff also alleged in his

26   /////

1

amended complaint that he suffered three assaults, two at the hands of fellow inmates and one by prison staff, all while confined at High Desert State Prison.

As to plaintiff's claims concerning events that allegedly took place at the California Correctional Training Facility, the U.S. District Court for the Northern District of California determined that plaintiff had failed to identify the specific individuals he claimed caused his constitutional injuries and dismissed his amended complaint, while granting plaintiff leave to file a second amended complaint within thirty days.  As to plaintiff's claims concerning events that allegedly took place at High Desert State Prison and Mule Creek State Prison, the court explained that venue over such claims was proper in the Eastern District of California and transferred those claims to this court.

After these aspects of plaintiff's case was transferred to this court, the undersigned also dismissed plaintiff's amended complaint and advised him that if he elected to proceed with this action, he would be required to file a second amended complaint in this court as well.  Like the U.S. District Court for the Northern District of California, this court found that plaintiff had failed to allege any facts establishing a specific causal link between the actions of the named defendants and the claimed constitutional violations.  The court instructed plaintiff, that in any second amended complaint he elected to file, he was required to allege what events he claims took place at High Desert State Prison and Mule Creek State Prison that resulted in his constitutional rights being violated and name the defendants that were involved in those events.  The court also advised plaintiff that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and provided him with the legal standards governing  claims alleging excessive force, failure to protect, and inadequate medical care in violation of the Eighth Amendment.

Plaintiff then filed a second amended complaint with this court naming as defendants Warden Scott Kernan and Warden David Runnels.  Therein, plaintiff alleged that after arriving at High Desert State Prison, "unknown named officers and inmates assaulted me

2

1  several times, housed me in single ad-seg cell with no recreation or law library time from 2003 to

2  2005 before receiving operation on hernia I got in prison in 2001, and took 4 years to receive."

3  Sec. Amend. Compl. (Doc. No.  117) at 3 of 5.  Once more, the court dismissed plaintiff's

4  second amended complaint and advised him that if he elected to proceed in this action, he would

5  be required to file a third amended complaint that alleged facts establishing a specific causal link

6  between the actions of the named defendants and the claimed constitutional violations.  The court

7  again advised plaintiff that there could be no liability under 42 U.S.C. § 1983 unless there was

8  some affirmative link or connection between a defendant's actions and the claimed deprivation.

9  Order filed January 30, 2009 (Doc. No. 119) at 5 (citing Rizzo v. Goode, 423 U.S. 362 (1976);

10  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th

11  Cir. 1978)).  The court also advised plaintiff that vague and conclusory allegations of official

12  participation in civil rights violations are not sufficient.  Id. (citing Ivey v. Board of Regents, 673

13  F.2d 266, 268 (9th Cir. 1982)).  Finally, the court reminded plaintiff of the legal standards

14  governing claims alleging inadequate medical care in violation of the Eighth Amendment.  Id. at

15  6.

16          In accordance with the court's order, plaintiff filed a third amended complaint

17  naming as defendants only the Chief Medical Officer at CCC-Susanville, "Four Unknown By

18  Name High Desert State Prison Correctional Officers," and Warden David Runnels.  Upon

19  screening plaintiff's third amended complaint, the court determined that it too should be

20  dismissed but without leave to amend.  Findings and Recommendations filed March 24, 2009

21  (Doc. No. 125) (citing Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not

22  an abuse of discretion to deny leave to amend when any proposed amendment would be futile.")).

23  The court had already granted plaintiff several opportunities to amend his complaint and had

24  provided him with detailed instructions with respect to how to state a cognizable claim for relief

25  based on the facts he had provided to the court in his previous complaints.  However, as noted

26  above, plaintiff had failed to identify by name four of the five defendants in his third amended

3

1   complaint.  In addition, in the court's view, he had also failed to state a cognizable claim against

2   any of the defendants, including the one defendant, Warden David Runnels, he had identified by

3   name.  The assigned district judge adopted the findings and recommendations in full and

4   dismissed this action.

5           Plaintiff appealed and, on February 28, 2011, the Ninth Circuit Court of Appeals

6   affirmed in part, vacated in part, and remanded the case back to this court.  Specifically, the

7   Ninth Circuit held that the district court properly dismissed plaintiff's claims involving

8   defendants Chief Medical Officer of CCC-Susanville and Warden Runnels because plaintiff had

9   not alleged a connection between the defendants' alleged actions and the deprivations he claimed

10  to have suffered.  (Doc. No. 151 at 2.)  However, the Ninth Circuit also held that, "[g]iven the

11  low threshold requirements of 28 U.S.C. § 1915A," plaintiff had stated a colorable Eighth

12  Amendment claim against the defendants he identified as "Four Unknown by Name High Desert

13  Officers."  (Id.)  In addition, the Ninth Circuit explained that plaintiff's failure to identify those

14  defendants by name did not support this court's dismissal of his third amended complaint and

15  remanded the matter for further proceedings as to this claim.  (Id.)

16                    **PLAINTIFF'S THIRD AMENDED COMPLAINT**

17           In his third amended complaint, plaintiff alleges as follows:

18   Chief Medical Officer of CCC-Susanville Prison whose listed by
     name in my lawsuit file I cannot afford to buy from court and
19   correction and medical staff at Wasco State Prison won't tell me,
     told me in person when he saw me in 2003 that "I needed and he
20   would schedule me for a bilateral hernia operation," but he did not,
     so I was transferred from CCC to HDSP where after I was
21   assaulted by several inmates.  I was housed in ad-seg where
     officers not only instigated my cellie to assault me after he
22   assaulted me officers who never told me their names but are listed
     in court file assaulted me/broke my hand, and I was denied any x-
23   ray.  Warden Runnels ignored mail I sent him re: this.

24  (Third Am. Compl. at 7-8.)

25  /////

26  /////

4

**DISCUSSION**

The Ninth Circuit Court of Appeals has made clear that, in cases where the plaintiff does not know the name of a defendant prior to filing a complaint, the court should allow him the opportunity through discovery to identify the unknown defendant. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Gillespie v. Ciiletti, 629 F.2d 637 (9th Cir. 1980). As noted above, in this case, plaintiff has failed to identify the "Four Unknown by Name High Desert Officers" he wishes to proceed against in this action. He has also failed to state a claim against the one defendant he has identified by name, Warden David Runnels, and therefore the court will not order service of the third amended complaint on Warden David Runnels. In this regard, this case is unlike Wakefield or Gillespie, where the plaintiff could serve discovery requests on other named defendants seeking the identities of the unidentified defendants. Here, there are no named defendants for the plaintiff to seek such discovery from.

However, the court observes that plaintiff states in this third amended complaint that the names of the four unknown correctional officers are in a "court file." Due to the possibility that plaintiff was referring by this reference to the court file from the action he filed in the U.S. District Court for the Northern District of California, the undersigned has reviewed the documents transferred here from that court. Unfortunately, plaintiff did not indicate the names of the four unknown officers in his original complaint or his first amended complaint filed in the Northern District. However, plaintiff has filed dozens of "notices" with the Northern District, which that court disregarded. In reviewing these "notices," the undersigned unearthed what appears to be a copy of a partial rules violation report issued to plaintiff for resisting a peace officer in the performance of duties. Officer A. Braida authored that report and wrote:

> On February 10, 2004, at approximately 1900 hours, I observed
> Inmate Pierce . . . kicking his door. Inmate Pierce stated his life
> was in danger and he needed to get out of his cell. Officer Young
> placed Inmate Pierce and his cellmate, Inmate Glasser . . . in
> handcuffs and asked the Control Booth officers to open the cell
> door. As the door opened Pierce spun quickly to his right and
> faced Officer Young. I [Officer Braida] grabbed Pierce's arm with

5

1  both my hands and used my body weight to force Pierce to my left
and onto the floor away from Officer Young.  Officer Hawks
2  grabbed Pierce's shoulder's [sic] as I turned him to my left and
assisted me in forcing Pierce to the floor.  After Pierce was on the
3  floor, Officer Hawks took control of Pierce's right arm and I took
control of his left arm.  Officer Hawks and I assisted Pierce to his
4  feet and escorted and secured him in the D7 rotunda holding cell.
Inmate Pierce was medically cleared.
5

6  This rules violation report also states that Officers J. Hawks, A. Braida, and T. Young  used

7  physical force during this incident involving plaintiff.

8         Based on the copy of this partial rules violation report, it appears that Officers J.

9  Hawks, A. Braida, and T. Young are three of the four unknown defendants who plaintiff was

10  attempting to name in this action.  However, in the event that they are not the defendants plaintiff

11  had in mind, the court will direct the Clerk of the Court to mail plaintiff a copy of the documents

12  he filed in the Northern District for him to review.  The court will also grant plaintiff thirty days

13  to file a fourth amended complaint identifying the four unknown defendants he wishes to proceed

14  against in this action.  If plaintiff is still unable to do so, he may notify the court, and the court

15  will instruct him on possible discovery avenues he may pursue to identify them.

16                            **OTHER MATTERS**

17         Plaintiff has also filed a motion for summary judgment.  As an initial matter,

18  plaintiff's motion fails to comply with Local Rule 260.  Under Local Rule 260, motions for

19  summary judgment must at least be accompanied by a "Statement of Undisputed Facts,"

20  enumerating discretely each of the specific material facts relied upon in support of the motion.

21  Moreover, plaintiff's motion is premature.  As discussed above, no defendants have been served

22  in this action, even though it was commenced in 2008, nor have any defendants had an

23  opportunity to respond to plaintiff's allegations.  Plaintiff's motion for summary judgment will

24  therefore be denied as defective and premature.

25  /////

26  /////

6

1    **CONCLUSION**

2    Accordingly, IT IS HEREBY ORDERED that:

3    1.  Within thirty days of the date of service of this order, plaintiff shall file a

4    fourth amended complaint identifying by name the defendants in this action.  If he is unable to do

5    so, he shall instead file a notice with the court stating as much.  Plaintiff's failure to comply with

6    this order will result in a recommendation for dismissal of this action;

7    2.  Plaintiff's motion for summary judgment (Doc. No. 153) is denied as defective

8    and premature; and

9    3.  The Clerk of the Court is directed to send plaintiff copies of the documents

10   filed in this case before it was transferred to this court (Doc. Nos. 1-103).

11   DATED: November 9, 2011.

12

13   _____

14   DAD:9                    DALE A. DROZD
     pier1148.msj             UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26