IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JAMES PIERCE,

    Plaintiff,                 No.  2:  08-cv-1148 MCE DAD P

    vs.

DOCTOR BARON, M.D., et al.,

    Defendants.           <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

## I. PROCEDURAL HISTORY

    The lengthy procedural history of this case was outlined in this court's November 9, 2011 order and is restated here:

> This case has been pending since 2003 and, as summarized below, has a long and somewhat complicated procedural history.  On November 5, 2003, plaintiff filed a complaint in the United States District Court for the Northern District of California.  Nearly a year later, that court granted plaintiff leave to proceed in forma pauperis and dismissed his complaint with leave to amend.  Plaintiff filed an amended complaint claiming that he had received inadequate medical care and treatment at several institutions including the California Correctional Training Facility, High Desert State Prison and Mule Creek State Prison.  Plaintiff also alleged in his amended complaint that he suffered three assaults, two at the hands

of fellow inmates and one by prison staff, all while confined at High Desert State Prison.

As to plaintiff's claims concerning events that allegedly took place at the California Correctional Training Facility, the U.S. District Court for the Northern District of California determined that plaintiff had failed to identify the specific individuals he claimed caused his constitutional injuries and dismissed his amended complaint, while granting plaintiff leave to file a second amended complaint within thirty days.  As to plaintiff's claims concerning events that allegedly took place at High Desert State Prison and Mule Creek State Prison, the court explained that venue over such claims was proper in the Eastern District of California and transferred those claims to this court.

After these aspects of plaintiff's case was transferred to this court, the undersigned also dismissed plaintiff's amended complaint and advised him that if he elected to proceed with this action, he would be required to file a second amended complaint in this court as well.  Like the U.S. District Court for the Northern District of California, this court found that plaintiff had failed to allege any facts establishing a specific causal link between the actions of the named defendants and the claimed constitutional violations.  The court instructed plaintiff, that in any second amended complaint he elected to file, he was required to allege what events he claims took place at High Desert State Prison and Mule Creek State Prison that resulted in his constitutional rights being violated and name the defendants that were involved in those events.  The court also advised plaintiff that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and provided him with the legal standards governing  claims alleging excessive force, failure to protect, and inadequate medical care in violation of the Eighth Amendment.

Plaintiff then filed a second amended complaint with this court naming as defendants Warden Scott Kernan and Warden David Runnels.  Therein, plaintiff alleged that after arriving at High Desert State Prison, "unknown named officers and inmates assaulted me several times, housed me in single ad-seg cell with no recreation or law library time from 2003 to 2005 before receiving operation on hernia I got in prison in 2001, and took 4 years to receive." Sec. Amend. Compl. (Doc. No.  117) at 3 of 5.  Once more, the court dismissed plaintiff's second amended complaint and advised him that if he elected to proceed in this action, he would be required to file a third amended complaint that alleged facts establishing a specific causal link between the actions of the named defendants and the claimed constitutional violations.  The court again advised plaintiff that there could be no liability under 42 U.S.C. § 1983 unless there was some affirmative link or connection between a defendant's actions and the claimed deprivation.  Order filed January 30, 2009 (Doc. No. 119) at 5

2

(citing Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  The court also advised plaintiff that vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Id. (citing Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).  Finally, the court reminded plaintiff of the legal standards governing claims alleging inadequate medical care in violation of the Eighth Amendment.  Id. at 6.

In accordance with the court's order, plaintiff filed a third amended complaint naming as defendants only the Chief Medical Officer at CCC-Susanville, "Four Unknown By Name High Desert State Prison Correctional Officers," and Warden David Runnels.  Upon screening plaintiff's third amended complaint, the court determined that it too should be dismissed but without leave to amend.  Findings and Recommendations filed March 24, 2009 (Doc. No. 125) (citing Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.")).  The court had already granted plaintiff several opportunities to amend his complaint and had provided him with detailed instructions with respect to how to state a cognizable claim for relief based on the facts he had provided to the court in his previous complaints.  However, as noted above, plaintiff had failed to identify by name four of the five defendants in his third amended complaint.  In addition, in the court's view, he had also failed to state a cognizable claim against any of the defendants, including the one defendant, Warden David Runnels, he had identified by name.  The assigned district judge adopted the findings and recommendations in full and dismissed this action.

Plaintiff appealed and, on February 28, 2011, the Ninth Circuit Court of Appeals affirmed in part, vacated in part, and remanded the case back to this court.  Specifically, the Ninth Circuit held that the district court properly dismissed plaintiff's claims involving defendants Chief Medical Officer of CCC-Susanville and Warden Runnels because plaintiff had not alleged a connection between the defendants' alleged actions and the deprivations he claimed to have suffered. (Doc. No. 151 at 2.)  However, the Ninth Circuit also held that, "[g]iven the low threshold requirements of 28 U.S.C. § 1915A," plaintiff had stated a colorable Eighth Amendment claim against the defendants he identified as "Four Unknown by Name High Desert Officers."  (Id.)  In addition, the Ninth Circuit explained that plaintiff's failure to identify those defendants by name did not support this court's dismissal of his third amended complaint and remanded the matter for further proceedings as to this claim.  (Id.)

(Dkt. No. 164 at p. 1-4.)

3

On November 9, 2011, plaintiff was granted the opportunity to file a fourth amended complaint. The court stated as follows with respect to plaintiff's third amended complaint:

> [T]he court observes that plaintiff states in this third amended complaint that the names of the four unknown correctional officers are in a "court file." Due to the possibility that plaintiff was referring by this reference to the court file from the action he filed in the U.S. District Court for the Northern District of California, the undersigned has reviewed the documents transferred here from that court. Unfortunately, plaintiff did not indicate the names of the four unknown officers in his original complaint or his first amended complaint filed in the Northern District. However, plaintiff has filed dozens of "notices" with the Northern District, which that court disregarded. In reviewing these "notices," the undersigned unearthed what appears to be a copy of a partial rules violation report issued to plaintiff for resisting a peace officer in the performance of duties. Officer A. Braida authored that report and wrote:
>
>> On February 10, 2004, at approximately 1900 hours, I observed Inmate Pierce . . . kicking his door. Inmate Pierce stated his life was in danger and he needed to get out of his cell. Officer Young placed Inmate Pierce and his cellmate, Inmate Glasser . . . in handcuffs and asked the Control Booth officers to open the cell door. As the door opened Pierce spun quickly to his right and faced Officer Young. I [Officer Braida] grabbed Pierce's arm with both my hands and used my body weight to force Pierce to my left and onto the floor away from Officer Young. Officer Hawks grabbed Pierce's shoulder's [sic] as I turned him to my left and assisted me in forcing Pierce to the floor. After Pierce was on the floor, Officer Hawks took control of Pierce's right arm and I took control of his left arm. Officer Hawks and I assisted Pierce to his feet and escorted and secured him in the D7 rotunda holding cell. Inmate Pierce was medically cleared.
>
> This rules violation report also states that Officers J. Hawks, A. Braida, and T. Young used physical force during this incident involving plaintiff.
>
> Based on the copy of this partial rules violation report, it appears that Officers J. Hawks, A. Braida, and T. Young are three of the four unknown defendants who plaintiff was attempting to name in this action. However, in the event that they are not the defendants plaintiff had in mind, the court will direct the Clerk of the Court to

4

> mail plaintiff a copy of the documents he filed in the Northern District for him to review. The court will also grant plaintiff thirty days to file a fourth amended complaint identifying the four unknown defendants he wishes to proceed against in this action. If plaintiff is still unable to do so, he may notify the court, and the court will instruct him on possible discovery avenues he may pursue to identify them.

(Dkt. No. 164 at p. 5-6.)

On November 21, 2011, plaintiff filed a motion for an extension of time to file an amended complaint. (See Dkt. No. 165.) On December 1, 2011, plaintiff filed a fourth amended complaint. (See Dkt. No. 166.) On December 22, 2011, the court denied plaintiff's motion for an extension of time as unnecessary in light of the fact that plaintiff in fact filed his fourth amended complaint. However, the court allowed plaintiff thirty days to either file a notice with the court that he wished to proceed on his fourth amended compliant filed on December 1, 2011 or file a motion for an extension of time to file a fourth amended complaint which explained the reasons why additional time was needed to comply with the court's November 9, 2011 order. (See Dkt. No. 171.) The December 22, 2011 order was returned to the court as undeliverable. However, plaintiff's filings since that time appear to indicate that he wishes to move forward with his fourth amended complaint filed with this court on December 1, 2011. Furthermore, plaintiff has not attempted to file another amended complaint since his fourth amended complaint was filed in December 2011. Accordingly, the court will proceed with the screening plaintiff's fourth amended complaint.

## II. SCREENING STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of

6

§ 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Moreover, a plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

### III. PLAINTIFF'S FOURTH AMENDED COMPLAINT

The allegations of plaintiff's fourth amended complaint generally concern the medical care and treatment (or the lack thereof) that he received at High Desert State Prison as well as prison officials' alleged failure to protect plaintiff and the use of excessive force by prison staff against him while incarcerated.

Plaintiff first claims that Dr. Baron (a named defendant) promised plaintiff a hernia operation. However, plaintiff states that before he received the operation he was

transferred to High Desert State Prison. While incarcerated at High Desert State Prison, plaintiff alleges that an unnamed medical doctor failed to set his broken hand after he was assaulted by correctional officers and inmates. (See Dkt. 166 at p. 5, 7.)

Plaintiff also appears to allege a failure to protect claim in that he claims prison staff failed to transfer him to a different cell in a timely manner. Finally, plaintiff raises a claim under the Eighth Amendment for cruel and unusual punishment when correctional officers pulled plaintiff out of his cell and broke his hand. Indeed, tin his fourth amended complaint plaintiff alleges as follows:

> On 01-31-04 I was transferred from D-5 to D-7 # 127 and I was housed with Inmate [G.] who is not only a level four inmate with fifty-nine custody points, he is also a skin head gang member who assaulted me on 12-17-03.
>
> On 02-09-04 Inmate [G.] found out that I had been assaulted by skin head gang members, and he told me that I could no longer live in the same cell as him. So I asked staff to move me because I was in danger living with him, and the first officer I asked for help at 0600 hours I was told is Officer Barren and all she did is laugh at me and walk away which is cruel and unusual punishment.
>
> I then made the same request to officer Nelson at 1800 hours and he told me he would move me to another cell, but did not do so. The next day, I told Sergeant Turner and Lieutenant Gower that I needed to move because of safety reasons and they told me they would order that bed move and they told me that at 0900 hours and at the end of second watch (1400 hours) the move had not happened.
>
> At dinner time on 02-10-04 inmate [G.] pushed me and threatened to seriously assault me if I did not move out of the cell.
>
> I then asked the D-7 officer to help me and he told me "to fight my cell mate because if he didn't see blood no one was going to be moved." So I banged on my cell door until the Control Officer asked me what I wanted and when I told him help because I was in danger he not only laughed at me he called me a "pussy" too.
>
> I then banged on my door for a long period of time which finally brought several officers who handcuffed my cellmate and me behind our backs before they had our cell door opened.
>
> When they opened the door I turned to my right while wearing handcuffs so I could slide my property out of the cell which was on

> the floor next to me and when I did that the officers pulled me out of the cell, threw me down on the floor and twisted my right hand so far they may have broke it Dr. James M.D. told me today when I finally got to see a doctor after waiting so long.
>
> Those officers then handcuffed to a metal devise that is called a triangle inside a small holding cell that makes it impossible to sit at 1900 hours and a C/O Young lied on the holding cell inspection report when he said I was sitting every time he checked on me, which is not possible while handcuffed to the triangle.
>
> I received a serious rules violation report for resisting officers when all I did is turn to slide my property out of the cell and I am not guilty of resisting those officers I begged to help me (please see attached rules violation report and my CDC-602 appeal, which opposes that CDC-115 rules violation).

(Dkt. No. 166 at p. 9-11.)

The court has previously provided plaintiff with the applicable legal standards governing his various claims. (See Dkt. Nos. 116 & 119.) In his fourth amended complaint, in addition to Dr. Baron, plaintiff lists J. Hawks, A. Braida, T. Young, Sergeant Turner and Lieutenant Gower as defendants. These five defendants are correctional officers, or worked in a similar capacity, according to the fourth amended complaint.

Plaintiff's first claim as cited above appears to argue that he was improperly transferred to High Desert State Prison. The court notes that prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). As the Ninth Circuit has explained:

> An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another. Unless there is some guarantee that transfer will not be effected except for misbehavior or some other specified reason, due process protections cannot apply.

Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). Plaintiff appears to argue that Dr. Baron was involved in the decision to transfer him to another prison, however, this assertion alone is

insufficient to state a cognizable claim against Dr. Baron. To the extent that plaintiff is attempting to raise an Eighth Amendment claim against Dr. Baron, in any amended complaint that he seeks to file, plaintiff must allege how Dr. Baron acted with deliberate indifference by denying, delaying or intentionally interfering with plaintiff's medical treatment. See Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Plaintiff is once again advised, however, that before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458 460 (9th Cir. 1980) (citation omitted).

Plaintiff also alleges that an unnamed medical doctor at High Desert State Prison refused to treat his broken hand. However, plaintiff does not name this doctor in his fourth amended complaint. The court notes that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The court cannot order service of a complaint on defendants not actually named in the complaint. In any amended complaint that plaintiff elects to file, he should attempt to learn or discover the identify of this unnamed doctor and include it in his fifth amended complaint.

To the extent that plaintiff seeks to raise a claim that the defendants have failed to protect him by not transferring him to a different cell in a timely manner, plaintiff is advised that the Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety." Id. at 834.

Finally, plaintiff alleges that correctional officers broke his hand on February 10, 2004. While plaintiff has named various correctional officers as cited above in the complaint, he fails to allege which of these defendants were involved in this excessive use of force claim. As

previously stated, plaintiff needs to allege an affirmative link between the defendant's actions and the claimed deprivation. See Rizzo, 423 U.S. at 371.

   The court recognizes that the Ninth Circuit remanded this case after determining that plaintiff had stated a colorable claim against 'Four Unknown by Name High Desert Officers." (See Dkt. No. 151 at p. 2.) It appears that plaintiff has since learned the names of these officers as additional officers are named in the complaint. However, the fourth amended complaint fails to create an affirmative link between the named defendants and his excessive force claim since plaintiff does not allege which of the defendants were involved in the alleged excessive force in the fourth amended complaint. Accordingly, and in light of the other defects in his fourth amended complaint, plaintiff will be given leave to file an amended complaint so that he can allege the affirmative link between the defendants whose names he has purportedly now discovered with the facts alleged associated with the excessive force they used on him.[1]

   Finally, plaintiff is reminded that the court cannot refer to prior pleadings in order to make a fifth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a fifth amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a fifth amended complaint, as in the original complaint, each claim *and the involvement of each defendant* must be sufficiently alleged.

/////
/////
/////

---

[1] Unfortunately, the court cannot extrapolate from plaintiff's fourth amended complaint which of the named defendants he is alleging were involved in the February 10, 2004 incident. While plaintiff refers to a prisoner grievance that he purportedly attached to the fourth amended complaint which would most likely include the names of the officers involved, no such grievance was attached to the fourth amended complaint filed by plaintiff with this court.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 1, 2011 fourth amended complaint is dismissed with leave to amend;

2. Plaintiff is granted thirty (30) days from the date of service of this order to file a fifth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The fifth amended complaint must bear the docket number assigned to this case and must be labeled "Fifth Amended Complaint." Failure to file a fifth amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: November 21, 2012.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1:dpw
pier1148.14amd.new