UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JAMES PIERCE,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. BARON et al.,<br><br>    Defendants. | No. 2:08-cv-1148 MCE DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Dr. Luca. Plaintiff has filed an opposition to the motion.

**BACKGROUND**

Plaintiff is proceeding on a fifth amended complaint and a supplemental complaint against defendants Dr. Luca, Dr. Baron, Turner, Gower, Hawks, Braida, and Young. In relevant part, plaintiff alleges that defendant Dr. Luca refused to provide him with adequate medical care for his hernia condition and instead changed plaintiff's diagnosis from "bilateral inguinal hernia" to "just lumps" in order to authorize his transfer to another institution of incarceration. (Fifth Am. Compl. at 5 and Supp. Compl. at 1.) At screening, this court determined that liberally construed plaintiff's complaint appeared to state a cognizable claim for relief against defendant Dr. Luca under the Eighth Amendment. (Doc. No. 195)

**LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

A defendant may bring a motion to dismiss under Rule 12(b)(6) based on the doctrines of res judicata or collateral estoppel when the defense does not raise any disputed issues of fact. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

**ANALYSIS**

In the pending motion to dismiss, defense counsel argues that the court should dismiss plaintiff's claim that defendant Dr. Luca denied him constitutionally adequate medical care because that claim is barred under the res judicata doctrine. (Def.'s Mem. of P. & A. at 1-10 & Ex. 1.)

Upon consideration of the parties' arguments, and for the reasons stated herein, the court agrees that plaintiff's claim against defendant Dr. Luca is barred by the doctrine of res judicata and should be dismissed.

I. Discussion

More than six years ago, plaintiff fully litigated his medical care claim against defendant Dr. Luca, a doctor at California Training Facility, in an action plaintiff had filed in the United States District Court for the Northern District of California. See Pierce v. Alameida, No. 5:03-cv-04934 JF (N.D. Cal.) ("Pierce I").[1] In Pierce I, plaintiff claimed that defendant Dr. Luca violated his civil rights because he failed to properly diagnose plaintiff with an inguinal hernia and authorized plaintiff's transfer to another correctional institution. (Def.'s Mot. to Dismiss, Ex. A.) In July 2009, District Judge Fogel granted defendant Dr. Luca's motion for summary judgment in the Northern District action and dismissed plaintiff's claim against him with prejudice as barred by the statute of limitations. (Id., Ex. C.) The Ninth Circuit Court of Appeals affirmed the judgment. (Id., Ex. D.)

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). The doctrine also "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (internal

---

[1] Defendant Dr. Luca has filed a request that this court take judicial notice of documents from plaintiff's prior case in which Dr. Luca was named as a defendant, Pierce v. Alameida, No. 5:03-cv-04934 JF (N.D. Cal.), including plaintiff's complaint, District Judge Fogel's decision granting the defendants' motion for summary judgment, and the Ninth Circuit Court of Appeal decision affirming the judgment. Pursuant to Federal Rule of Evidence 201, this court will grant defendant's request.

1  quotations omitted).  See also Siegel v. Federal Home Loan Mortgage Company, 143 F.3d 525,
2  528-29 (9th Cir. 1998) (quoting Robertson v. Isomedix, Inc., (In re Intl. Nutronics), 28 F.3d 965,
3  969 (9th Cir. 1994).
4        To determine the preclusive effect of a prior federal lawsuit, the court must look to federal
5  law.  See Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 n.10
6  (9th Cir. 2003).  Under federal law, a court should apply res judicata whenever there is "(1) an
7  identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." Turtle
8  Island Restoration Network v. United States Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012)
9  (quoting Tahoe-Sierra Pres. Council, 322 F.3d at 1077) (citation and internal quotation marks
10 omitted).  See also United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139,
11 1150 (9th Cir. 2011) ("Liquidators").
12       First, the undersigned finds that there is an identity of claims between plaintiff's claim
13 against defendant Dr. Luca presented in his prior case, Pierce I, and the claim plaintiff presents in
14 this action.  The Ninth Circuit looks to four criteria to determine whether there is identity of
15 claims between two causes of action:

> (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

20 Turtle Island Restoration Network, 673 F.3d at 917-18 (quoting Costantini v. Trans World
21 Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)) (citation omitted).  Plaintiff's claim against Dr.
22 Luca in Pierce I and his claim presented in this case are identical, so the judgment in Pierce I
23 would be destroyed or impaired if this court allowed plaintiff to prosecute this action.  In
24 addition, if the court allowed this case to proceed, defendant Dr. Luca would undoubtedly present
25 the same evidence concerning the timing of plaintiff's claim that he presented in Pierce I.  Third,
26 Pierce I and this action involve an alleged infringement of the same right – namely, plaintiff's
27 right to adequate medical care under the Eighth Amendment.  Finally, the claim presented in
28 Pierce I and the claim plaintiff asserts in this action arise out of the same transactional nucleus of

1  facts.  See Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare &
2  Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993) ("Whether two events arise
3  from the same transaction or series depends on whether they are related to the same set of facts
4  and whether they could conveniently be tried together."); Tahoe-Sierra Pres. Council, 322 F.3d at
5  1078 ("Newly articulated claims based on the same nucleus of facts may still be subject to a res
6  judicata finding if the claims could have been brought in the earlier action.").  Accordingly, the
7  undersigned finds that there is an "identity of claims" between plaintiff's prior action and this
8  action.

9  Turning now to the second element of res judicata, which requires a final judgment on the
10 merits in the prior proceeding, the court finds that plaintiff obtained a final judgment on the
11 merits in Pierce I.  Dismissal on the grounds that a case is barred by the statute of limitations is a
12 judgment on the merits for purposes of res judicata.  See Tahoe-Sierra Pres. Council, 322 F.3d at
13 1081 (relying on Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995) (dismissal on statute of
14 limitations grounds is a judgment on the merits)).

15 Finally, as to the third element of res judicata, whether there is privity between the parties,
16 the court finds that there is clearly privity between the parties.  Privity exists if "there is
17 substantial identity between the parties, that is, when there is sufficient commonality of interest."
18 Tahoe-Sierra Pres. Council, 322 F.3d at 1082 (internal quotation marks omitted) (citing United
19 States v. ITT Raynier, 627 F.2d 996, 1003 (9th Cir. 1980) ("[A] 'privy' may include those whose
20 interests are represented by one with authority to do so.")).  Here, the parties in Pierce I and this
21 action – plaintiff and defendant Dr. Luca – are identical.

22 In sum, the doctrine of res judicata bars relitigation of plaintiff's claim against defendant
23 Dr. Luca because there is an identity of claims between plaintiff's two causes of action, there was
24 a final judgment on the merits in Pierce I, and privity between the parties in the suits exists.

**OTHER MATTERS**

26 On January 26, 2015, the court informed plaintiff that the United States Marshal was
27 unable to effect service on defendant Dr. Baron because the Marshal was unable to locate this
28 defendant based on the information plaintiff provided on form USM-285.  The court ordered

1  plaintiff to seek additional information about the defendant's whereabouts through discovery or
2  other means available to plaintiff and cautioned plaintiff that when service of a complaint is not
3  made upon a defendant within 120 days after the complaint was filed the court may be required to
4  dismiss plaintiff's claims against the defendant.  Plaintiff still has not returned the documents
5  necessary for service of defendant Dr. Baron.

6  Under these circumstances, the undersigned finds that plaintiff cannot show good cause
7  for the failure to effect service on defendant Dr. Baron.  Discovery opened in this case back on
8  December 11, 2014, and plaintiff had more than sufficient time to provide the court with the
9  additional information necessary to enable the United States Marshal to effect service on
10 defendant Dr. Baron.  Accordingly, the court concludes that defendant Dr. Baron should be
11 dismissed from this action.  See Fed. R. Civ. P. 4(m).

12 Also pending before the court is plaintiff's request for a sixty-day extension of time to
13 respond to defendant Gower's requests for production of documents.  Good cause appearing, the
14 court will grant plaintiff's request in part and allow him an additional thirty days to respond to
15 defendant Gower's discovery requests.

16 Finally, defendants have filed a request to modify the court's discovery and scheduling
17 order.  In particular, defendants request additional time to file a dispositive motion in light of
18 defendant Dr. Luca's pending motion to dismiss and the service issue with respect to defendant
19 Dr. Baron.  Good cause appearing, the court will grant defendants' request and allow the parties
20 an additional ninety days to file any dispositive motion.

## CONCLUSION

22 Accordingly, IT IS HEREBY ORDERED that:
23 1. Defendant Dr. Luca's request for judicial notice (Doc. No. 218) is granted.
24 2. Plaintiff's motion for an extension of time (Doc. No. 221) is granted in part.  Within
25 thirty days of the date of this order, plaintiff shall serve his responses to defendant Gower's
26 request for production of documents on defense counsel; and
27 3. Defendants' motion to modify the discovery and scheduling order (Doc. No. 225) is
28 granted.  Within ninety days of the date of this order, the parties shall file any dispositive motion.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss plaintiff's claim against defendant Dr. Luca as barred by the doctrine of res judicata (Doc. No. 217) be granted;

2. Defendant Dr. Luca be dismissed from this action; and

3. Defendant Dr. Baron be dismissed from this action. <u>See</u> Fed. R. Civ. P. 4(m) and 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pier1148.57

7