1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JAMES PIERCE,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD S. ALAMEIDA, et al.,<br><br>    Defendants. | No.  2:08-cv-1148 MCE DB P<br><br><br><br>ORDER |

Plaintiff is a prisoner, proceeding pro se, with a civil rights action under 42 U.S.C. § 1983. On February 26, 2016, the undersigned held a settlement conference, which was attended by plaintiff and an attorney representing the defendants. When the parties reached an agreement, the undersigned held a proceeding in court at which the parties' verbal settlement agreement was recorded. (See transcript at ECF No. 256.)   The settlement agreement provided that defendants would pay plaintiff $2500 in exchange for dismissal of the above-entitled case. (Id. at 3:8-24.)

On March 3, 2016, plaintiff filed a request to withdraw the settlement agreement. (ECF No. 253.)   Plaintiff states that the only reason he accepted the $2500 settlement offer was because he was "terrified and highly surprised" during the settlement proceedings when the undersigned showed him "records that stated $1,000.00 is the most any pro-se individual has made when suing CDCR for personal injuries, and that I would probably lose and then owe the D.O.C. money."   Plaintiff references his "fear" and his "medical/psych condition" as the bases

1 for his request.  Plaintiff also complains that the $2500 is "far less than I owe court ordered fees,
2 fines, and restitution."  (ECF No. 262.)

3 Since March 3, plaintiff has filed several other documents along the same lines.  (See ECF
4 Nos. 255, 260, 262.)  While plaintiff contends some of these documents are part of an "appeal" of
5 the settlement agreement, they were not directed to the Court of Appeals.[1]  The court considers
6 plaintiff's filings to be a request to void the settlement agreement.  Defendants oppose plaintiff's
7 request.  (ECF No. 257.)   For the reasons set forth below, the undersigned finds the settlement
8 agreement is a valid contract.

## Legal Standards

10 An oral settlement agreement is binding on the parties, particularly when it is
11 memorialized on the record in court.  See Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir.
12 2002) (citing Sargent v. HHS, 229 F.3d 1088, 1090 (Fed. Cir. 2000)).  "The construction and
13 enforcement of settlement agreements are governed by principles of local law which apply to
14 interpretation of contracts generally."  Jeff D. v. Andrus, 899 F.2d 753, 759 (9th. Cir. 1989); see
15 also Jones v. McDaniel, 717 F.3d 1062, 1067 (9th Cir. 2013).  Therefore, even though the
16 underlying cause of action presented in this litigation is based upon a federal statute, this court
17 applies California law regarding the formation and interpretation of contracts in determining
18 whether a legally enforceable settlement agreement was reached.  United Commercial Ins. Serv.,
19 Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992); see also Harrop v. West. Airlines,
20 Inc., 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law).  Where there are questions
21 about the conduct or result of the settlement proceedings, the recollection of the judge conducting
22 the settlement conference can support a finding of an enforceable settlement agreement.  Lynch,
23 Inc. v. SamataMason Inc., 279 F.3d 487 (7th Cir. 2002); see also Shah v. United States, 878 F.2d
24 1156, 1159 (9th Cir. 1989) ("[J]udges may use their own notes and recollections of the plea
25 hearing and sentencing process to supplement the record.")
26 ////

---

[1] Moreover, any appeal is premature at this point because the court has not yet entered judgment. Rule 4, Fed. R. App. Proc.

1    In California, oral settlement agreements made before the court and oral contracts are
2    enforceable. Cal. Civ. Proc. Code § 664.6; Cal. Civ. Code § 1622. "The essential elements of a
3    contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and
4    [4] sufficient cause or consideration." Lopez v. Charles Schwab & Co., Inc., 118 Cal. App. 4th
5    1224, 1230 (2004) (citing Cal. Civ. Code § 1550). "Mutual assent usually is manifested by an
6    offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing
7    Cal. Civ. Code § 1565). The existence of mutual consent is determined by objective criteria; the
8    "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the
9    same sense.'" Weddington Prod., Inc., v. Flick, 60 Cal. App. 4th 793, 811 (1998) (quoting Cal.
10   Civ. Code § 1580).

**Discussion**

12   The verbal settlement agreement entered into on the record shows that plaintiff fully
13   understood the terms of the agreement and willingly consented to its terms. The undersigned
14   questioned plaintiff thoroughly about his ability to understand the terms of the agreement.
15   (Transcript (ECF No. 256) at 2:4 – 3:2; 8:7-14.) Plaintiff stated that he understood that the
16   settlement amount would be applied against any restitution he owed and that the fact the
17   "restitution was something different than the parties thought or expected today" is "not a basis to
18   refuse to go forward with the settlement later or seek to set it aside." (Id. at 4:25 – 5:4.) Plaintiff
19   confirmed that he was not being forced to agree to the settlement terms. (Id. at 3:3-7.) Plaintiff
20   also agreed, and clearly understood, that the settlement was final and he could not change his
21   mind.

> THE COURT: All right. So then what I want to do is, Mr. Pierce, you understand we will have a settlement as of now other than the signed documents to follow and it's not a basis to refuse to sign those documents or seek to set it aside; file something with the Court, whether it's tomorrow, next week or six months from now, because you've thought about it and decided oh, I should've gotten more, or I want to keep pursuing this case, or I talked to a cell mate who says I should've gotten more, or I talked to my cousin who watches Judge Judy. None of those are a basis to go, you know, to refuse -- we will have a settlement as of now. Do you understand that, sir?
>
> MR. PIERCE: Yes, I do. I just want a copy of the signed

1         agreement so -- in case the money doesn't get paid in restitution, or
2         I can determine that there was no restitution and it's supposed to go
         to me. I just want to have proof that this happened.

3

4 (Id. at 7:16-8:6.)

5     The fact that plaintiff may have had second thoughts about the agreed amount is not a

6 basis to void the settlement agreement. Plaintiff specifically agreed on the record that he

7 understood the agreement was final. Further, plaintiff has failed to show he was misled in any

8 way or otherwise did not freely consent to the agreement made on February 26.

9     Accordingly, IT IS HEREBY ORDERED as follows:

10     1.  Within thirty days of the filed date of this order, defendants shall file the dispositional

11         documents, signed by all parties, dismissing this action with prejudice. Plaintiff's

12         failure to sign these documents may result in a recommendation that this case be

13         dismissed.

14     2.  All other pending motions and requests (ECF Nos. 245, 262) are dismissed as moot.

15 Dated: September 20, 2016

16

17                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

Pier2248.sett

4